**James Port PARKER,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**No. 89–16269.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 1991.*

Decided June 4, 1991.

James Port Parker, in pro. per.

Richard G. Patrick, Asst. U.S. Atty., Phoenix, Ariz., for defendant-appellee.

Before FARRIS, BOOCHEVER and FERNANDEZ, Circuit Judges.

FARRIS, Circuit Judge:

James Port Parker appeals pro se the district court's dismissal of his action for damages pursuant to the Federal Tort Claims Act as time-barred under 28 U.S.C. § 2401(b). We reverse.

## FACTS

On February 19, 1985, Parker timely filed a form 95 with the United States Department of Agriculture, alleging negli-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

gence by the Department and its employees. No final agency denial of the claim was issued. On August 19, 1988, Parker filed a negligence action under the Federal Tort Claims Act. The action was dismissed without prejudice on January 24, 1989, pursuant to Fed.R.Civ.P. 4(j). While appeal of the dismissal was pending, Parker refiled an identical complaint on March 10, 1989. Service of process was effected March 22, 1989. By an order filed June 6, 1989, we dismissed the appeal of the original action as moot, in light of the refiling. On September 5, 1989, the district court dismissed the second action as time-barred. The dismissal order did not discuss the basis for holding that 18 U.S.C. § 2401(b) barred the claim.

## DISCUSSION

Section 2401(b) provides that a tort claim against the United States is barred "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." No notice of final denial was issued to Parker by the Department of Agriculture regarding his claim. 28 U.S.C. § 2675(a) states that the "failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim."

The Government argues that the six month period of limitations set forth in section 2401(b) began to run when Parker filed his initial action in August of 1989. It contends that, by virtue of section 2675(a), the filing of the action constituted a "final denial of the claim by the agency" for purposes of section 2401(b). No precedent supports such a reading of these sections.[1] We reject the argument.

Section 2675 requires that a claim be presented to the appropriate federal agency prior to bringing suit under the FTCA. See *Gillespie v. Civiletti*, 629 F.2d 637, 640

(9th Cir.1980). If an administrative claim has been properly filed, section 2675(a) provides that a claimant need not wait longer than six months for the agency to act on his claim before bringing suit pursuant to the FTCA. This ensures that the exhaustion requirement does not unduly burden claimants. After six months have elapsed, section 2675(a) specifies that the claimant has the option *"any time thereafter"* to pursue his claim in district court under the FTCA.

Section 2401(b) contains two statutes of limitations. The first requires that an administrative claim be filed with the appropriate agency within two years after the claim accrued. Parker met this requirement. The second requires that an FTCA suit be brought within six months "after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." By its express terms, this second limitations period applies only when the agency has made a final disposition of the claim and notified the claimant by mail. The six month period does not begin to run until the agency has notified the claimant of a final denial in accordance with section 2401(b). *See Conn v. United States*, 867 F.2d 916, 920 (6th Cir.1989).

The same argument which the Government presents to this Court was considered and rejected in *Hannon v. United States Postal Serv.*, 701 F.Supp. 386 (E.D.N.Y. 1988). We agree with the reasoning of that decision. The express language of sections 2401(b) and 2675(a), as well as a consideration of their function and purpose, indicate that the filing of a claim pursuant to section 2675(a) should not trigger the six month limitation period under section 2401(b). It would be illogical "that § 2675(a), which is designed to *benefit* plaintiffs by excusing them from waiting for an agency denial prior to filing suit, should ... be invoked to the *detriment* of plaintiffs whose actions have been dismissed without prejudice for reasons un-

---

1. The government parces dicta from *Miller v. United States*, 741 F.2d 148, 150–51 (7th Cir. 1984), to support its interpretation of the statutes. However, in *Miller*, the plaintiff brought a second Federal Tort Claims Act action against a postal employee within six months after filing the original complaint. *Id.* Thus, the *Miller* court did not face the question now before us.

related to the merits of their claims." *Id.* at 389 (emphasis in original).

## CONCLUSION

The Department of Agriculture has not notified Parker by certified or registered mail of a final denial of his claim. Thus, section 2401(b) does not time bar his FTCA action. Under section 2675(a), Parker may institute his FTCA claim "at any time." Because his prior suit was dismissed without prejudice, Parker is entitled to pursue his FTCA action. We make no comment on the merits of his claim.

REVERSED.