32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Larry CAMERON, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 No. 93-15708.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Larry Cameron appeals pro se the district court's dismissal of his Federal Tort Claims Act action prior to service of process.[1] Cameron alleges that certain medical personnel at the Veterans Affairs Medical Center in Reno misdiagnosed him and refused to provide proper treatment for post-traumatic stress syndrome caused by the Vietnam War. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand to the district court.
 
 
 3
 We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Pursuant to 28 U.S.C. Sec. 1915(d), the district court may dismiss an action sua sponte before service of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325.
 
 
 4
 The Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 1346(b), 2671-80 (1988), provides a remedy for a person injured by the tortious acts of an employee of the United States, where the employee was acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. Sec. 1346(b). The FTCA, however, requires claimants to exhaust administrative remedies before filing suit against the United States. 28 U.S.C. Sec. 2675(a). A claimant may not sue the government until either: (1) an agency denies relief in writing and sends its decision to him by certified or registered mail; or (2) an agency fails to make a final decision of the claim within six months after it is filed. Id. The exhaustion of administrative remedies is a jurisdictional prerequisite to suing under the FTCA. Parker v. United States, 935 F.2d 176, 177 (9th Cir.1980).
 
 
 5
 On July 19, 1991, Cameron filed a 42 U.S.C. Sec. 1983 action against certain medical personnel employed at the Veterans Affairs Medical Center in Reno for medical malpractice. On December 5, 1991, the district court construed this action as an FTCA medical malpractice claim, and dismissed it because Cameron had failed to exhaust his administrative remedies with the Veteran's Administration. See 28 U.S.C. Sec. 2675(a); Parker, 935 F.2d at 177.
 
 
 6
 On June 6, 1992, the Department of Veteran's Affairs notified Cameron by registered mail that his "Administrative Tort Claim" was denied, but that he could pursue his claim in district court by initiating an action no later than December 6, 1992. Thus, Cameron had effectively exhausted his administrative remedies. See 28 U.S.C. Sec. 2675(a).
 
 
 7
 On July 30, 1992, Cameron filed a FTCA complaint in district court claiming that certain medical personnel employed at the Veterans Affairs Medical Center in Reno were negligent in treating his post-traumatic stress disorder. Although Cameron's pro se FTCA complaint included a list of inarticulate constitutional violations, the gravamen of his action was a medical malpractice claim, and therefore stated an arguable claim pursuant to the FTCA. See 28 U.S.C. Sec. 1346(b).
 
 
 8
 On February 24, 1993, the district court dismissed Cameron's FTCA action sua sponte, with prejudice, finding that Cameron's "unsuccessful FTCA claim filed with the Department of Veteran's affairs end[ed] his opportunity to seek redress for the claims stated in his second amended petition." Because Cameron filed a claim that had an arguable basis in law or fact, the district court abused its discretion when it dismissed his action prior to service of process. See Denton, 112 S.Ct. at 1734; Neitzke, 490 U.S. at 325. The order of dismissal is therefore vacated, and the matter remanded to the district court to give Cameron an opportunity to serve his complaint.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court dismissed Cameron's complaint prior to service of process, we construed it as a 28 U.S.C. Sec. 1915(d) dismissal. See Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989)