Judy LEHMAN, wife; Mark Lehman, husband, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Judy LEHMAN, wife; Mark Lehman, husband, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Nos. 97–15695, 97–16454.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1998.

Decided Sept. 2, 1998.

Frank M. Sandler, Solomon, Relihan & Blake, Phoenix, Arizona, for plaintiffs-appellants.

Richard G. Patrick, Assistant United States Attorney, Phoenix, Arizona, for defendant-appellee.

Before: BRUNETTI, TASHIMA, and GRABER, Circuit Judges.

GRABER, Circuit Judge:

■■■ This case involves issues of first impression for the Ninth Circuit regarding the interplay between two provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2401(b) and 2675(a).[1] We hold that (1) a claimant's filing of an action pursuant to section 2675(a), before an agency issues a written notice of final denial, does not preclude the agency from later issuing a written notice of final denial, and (2) the six-month statute of limitations provided by section 2401(b) begins to run on the date when the agency mails that written notice by certified or registered mail. We further hold that, in the circumstances of this case, (1) plaintiffs are not entitled to relief from the voluntary dismissal of their first, timely action, and (2) plaintiffs' second action was time-barred. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Judy Lehman and Mark Lehman are wife and husband. On February 6, 1993, Judy Lehman was struck and injured by a United States Postal Service vehicle driven by Postal Service employee Ted Dailey. Less than four months later, on May 28, 1993, plaintiffs timely filed an administrative claim with the Postal Service, pursuant to the FTCA. The Postal Service finally denied the claim on January 21, 1994, by mailing a written notice in the requisite manner.

On July 16, 1993, before receiving the Postal Service's notice of final denial, plaintiffs filed an action against Dailey, as an individual, in Arizona state court (*Lehman I*). *See Staple v. United States*, 740 F.2d 766, 768 (9th Cir.1984) ("We do not believe that the filing of [a state court] action, during the period which section 2401(b) gives plaintiff to pursue her administrative remedy, violates section 2675."). Plaintiffs did not, however, serve the summons and complaint until December 29, 1993, more than six months after they filed the administrative claim. On January 11, 1994, the United States removed plaintiffs' action to federal court and substituted itself as the sole defendant. As noted, the Postal Service mailed its notice of final denial on January 21, 1994, nearly nine months after receiving plaintiffs' administrative claim.

On March 9, 1994, plaintiffs voluntarily dismissed *Lehman I* without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1).[2] Plaintiffs assert that they dismissed that action in reliance on an agreement with opposing counsel that the action "would be voluntarily dismissed until Ms. Lehman's medical condition had stabilized, at which point settlement negotiations" would resume. Plaintiffs further assert that defendant's new counsel repudiated the agreement and refused to settle plaintiffs' claim. Plaintiffs filed a new FTCA action, *Lehman II*, on February 3, 1995, more than a year after the Postal Service had mailed its notice of final denial.

The United States moved to dismiss *Lehman II*, pursuant to Fed.R.Civ.P. 12(b)(6).[3]

---

1. The text of those provisions appears at p. 1013, below.

2. Fed.R.Civ.P. 41(a)(1) provides in part:
 [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer.... Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice....

3. Fed.R.Civ.P. 12(b)(6) provides:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-

The district court dismissed *Lehman II* as time-barred, on the ground that plaintiffs had failed to bring that action within six months after the date of mailing of the Postal Service's notice of final denial, 28 U.S.C. § 2401(b). The district court later denied plaintiffs' motion for reconsideration.

While the motion for reconsideration was pending, plaintiffs also moved, pursuant to Fed.R.Civ.P. 60(b)(6),[4] to vacate their voluntary dismissal of *Lehman I*. They argued that defense counsel's repudiation of the agreement constituted an exceptional circumstance warranting such relief. The district court denied plaintiffs' motion.

Plaintiffs appeal, challenging the district court's dismissal of *Lehman II* and its refusal to reinstate *Lehman I*.

## STATUTE OF LIMITATIONS APPLICABLE TO *LEHMAN II*

■ We review *de novo* a district court's interpretation of a statute. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1315 (9th Cir.1998). The statutes that we interpret here are 28 U.S.C. §§ 2401(b) and 2675(a).

Title 28 U.S.C. § 2401(b)[5] contains two provisions pertaining to the timing of FTCA litigation. The first requires that any tort claim against the United States be "presented in writing to the appropriate Federal agency within two years after such claim accrues." Plaintiffs satisfied that requirement by filing their administrative claim with the Postal Service on May 28, 1993, less than four months after the accident. The second provision requires that any tort action be brought "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Taken together, those statutes are statutes of limitation that address the question: Was the claimant's FTCA action brought *too late?*

Title 28 U.S.C. § 2675(a),[6] on the other hand, addresses a different question: Was the claimant's FTCA action brought *too early?* That section prohibits a claimant from bringing an FTCA action "unless the claimant shall have *first* presented the claim to the appropriate Federal agency *and* his claim shall have been *finally denied* by the agency in writing and sent by certified or registered mail." (Emphasis added.) A claimant need not, however, await an agency's response indefinitely. Section 2675(a) further provides that, if the agency fails "to make final disposition of a claim within six months after it is filed," the claimant may, at any time thereafter, deem the agency's silence to be "a final denial of the claim *for purposes of this section.*" (Emphasis added.) Thus, if an agency fails to issue a notice of final denial within six months of receiving an administrative claim, "the claimant may either deem it denied and file suit in district court at any time prior to final agency action or the claimant may await final agency action and file suit within six months thereafter." *Anderson v. United States,* 803 F.2d 1520, 1522 (9th Cir. 1986).

Plaintiffs in this case properly invoked section 2675(a) to perfect the timeliness of *Lehman I*. They presented their administrative claim to the Postal Service in a timely manner but did not receive the agency's notice of

claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted[.]

4. The text of that rule appears at p. 1017, below.

5. 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final

denial of the claim by the agency to which it was presented.

6. 28 U.S.C. § 2675(a) provides in part:

An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

final denial within six months thereafter. Accordingly, plaintiffs deemed their claim denied under section 2675(a) and filed and served their complaint in *Lehman I.* The United States does not dispute the timeliness of *Lehman I.*

What it does contest, however, is the timeliness of *Lehman II.* The United States contends that, once the Postal Service properly mailed the notice of final denial, the six-month limitations period of 28 U.S.C. § 2401(b) started to run, even though more than six months had passed since the filing of the administrative claim and even though plaintiffs had filed *Lehman I* in a timely manner. Because plaintiffs brought *Lehman II* after the six-month statute of limitations had expired, the United States reasons, *Lehman II* was time-barred.

As with any case of statutory interpretation, we must begin with the words of the statute. *Blockbuster Videos, Inc. v. City of Tempe,* 141 F.3d 1295, 1297 (9th Cir.1998). In this instance, the words are plain: *"A tort claim* against the United States *shall be forever barred ... unless action is begun within six months after the date of mailing,* by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). As this court has explained, the six-month "limitations period applies only when the agency has made a final disposition of the claim and notified the claimant by mail. The six[-]month period does not begin to run until the agency has notified the claimant of a final denial in accordance with section 2401(b)." *Parker v. United States,* 935 F.2d 176, 177 (9th Cir. 1991).

Here, the Postal Service mailed its notice of final denial to plaintiffs on January 21, 1994, in the requisite manner. The six-month limitations period began to run then. Plaintiffs did not file *Lehman II* until February 3, 1995, well beyond the six months. *Lehman II* was, therefore, time-barred.

Plaintiffs argue that their invocation of the "deemed denial" option under section 2675(a) and their timely filing of *Lehman I* suspended—either permanently or temporarily—the Postal Service's authority to issue a written

notice of final denial and thus to trigger the statute of limitations. They reason that, because both sections 2401(b) and 2675(a) use the same phrase, "final denial of the claim," to signal when a claimant may file an action, there can be but one "final denial of a claim." Because the Postal Service's "final denial of a claim" came second, plaintiffs contend that it was a legal "nullity," which could not have triggered the six-month statute of limitations. At most, plaintiffs argue, the limitations period could have been triggered for *Lehman II* only if the Postal Service had issued its notice of final denial *after* plaintiffs had voluntarily dismissed *Lehman I.*

The plain words of the FTCA preclude plaintiffs' interpretation. Neither section 2401(b) nor section 2675(a) nor any other provision of the FTCA contains anything to suggest that an agency's authority to issue a notice of final denial is terminated, or even temporarily suspended, when a claimant brings an action that is timely under section 2675(a). To the contrary, the wording of sections 2401(b) and 2675(a) suggests that they are functionally distinct. Section 2675(a) expressly states that a claim may be deemed denied only "for purposes of this section." Thus, a "deemed" final denial under section 2675(a) has no effect beyond what is stated in *that* section. This court implicitly reached the same conclusion in *Parker,* when we held that a "deemed" denial under section 2675(a) does not trigger the six-month statute of limitations in section 2401(b). *Parker,* 935 F.2d at 177–78. Similarly, a "deemed" denial does not limit whether or when a federal agency may issue a written notice of final denial, which triggers the limitations period in section 2401(b).

Further, our reading of the statutes finds contextual support. Triggering the statute of limitations by an *actual* denial after a claim has been "deemed" denied serves an important function: It provides an agency with *certainty* that it will not be subject to an action to establish liability after a definite date. That function is particularly important under the FTCA, because the statute contains *no time limit* for commencing an action when an administrative claim has been deemed denied under section 2675(a), in the

absence of an actual denial. *See* 28 U.S.C. § 2675(a) (providing that the claimant may deem silence to be a denial "any time" after the expiration of six months from the presentation of the claim); *McCallister v. United States*, 925 F.2d 841, 843–44 (5th Cir.1991) (per curiam) (holding that the FTCA contains no time limit for commencing an action under the "deemed denied" provision); *Taumby v. United States*, 919 F.2d 69, 70 (8th Cir.1990) (same); *Conn v. United States*, 867 F.2d 916, 919–21 (6th Cir.1989) (same); *but see Miller v. United States*, 741 F.2d 148, 150 (7th Cir.1984) (holding that an action must be filed within a "reasonable time" after the six-month review period expires). Unless an agency can issue its notice of final denial and trigger the statute of limitations even after an action is filed, a claimant theoretically could file an action, voluntarily dismiss it, and then re-file years later, when the incident has faded from witnesses' memories. Only by issuing a formal denial, whether within the six-month review period or not, can an agency protect itself "from any prejudice due to the staleness of the claim and the attendant loss of evidence." *Hannon v. United States Postal Serv.*, 701 F.Supp. 386, 389 n. 7 (E.D.N.Y.1988) (cited with approval in *Parker*, 935 F.2d at 177).

▮ In summary, neither the passage of six months from the presentation of a tort claim to an agency nor the claimant's filing of an action under the "deemed denied" provision of 28 U.S.C. § 2675(a) terminates or suspends the agency's authority to issue a written notice of final denial of the claim. When an agency properly mails a notice of final denial, the six-month statute of limitations, 28 U.S.C. § 2401(b), begins to run. In the present case, plaintiffs filed *Lehman II* more than six months after the Postal Service properly mailed its notice of final denial. That being so, *Lehman II* is time-barred.

## EQUITABLE TOLLING AND EQUITABLE ESTOPPEL

▮ Plaintiffs next argue that the district court erred in dismissing *Lehman II* as time-barred even if their argument as to the meaning of the statutes fails. They assert that the six-month statute of limitations was equitably tolled and that the government was equitably estopped from raising a defense based on the statute of limitations. We review *de novo* the dismissal of an action based on the statute of limitations. *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir.1993).

Plaintiffs' evidence in support of both equitable doctrines consists of an affidavit from plaintiffs' counsel, which states in material part:

2. On or about March 9, 1994, two days before Defendant's answer was due in [*Lehman I* ], I had a telephone conversation with defense counsel regarding the prosecution of that action.

3. As part of that conversation, defense counsel and I discussed the possibility that the case could settle if time was allowed for Judy Lehman's medical condition to stabilize and her medical prognosis to be developed. Defense counsel expressed some confidence that the Postal Service would be interested in trying to settle rather than engage in the expense of litigation.

4. As part of that conversation, defense counsel and I discussed the possibility of dismissing [*Lehman I* ] until Ms. Lehman's medical condition had stabilized to the point where settlement negotiations would be productive.

5. Based on our conversation, defense counsel and I agreed that the action would be voluntarily dismissed until Ms. Lehman's medical condition had stabilized, at which point settlement negotiations with the Postal Service would resume.

6. Although I knew that the lawsuit would need to be re-filed within two years of the February 6, 1993, collision, *at no point in our conversation did defense counsel advise me* that Plaintiffs' action would need to be re-filed by July 28, 1994.

7. *Had defense counsel informed me* that Plaintiffs' action would need to be re-filed by July 28, 1994, I would not have agreed to a voluntarily [sic] dismissal, because it would have made no sense to dismiss the suit and incur the additional costs of filing and serving a second complaint just to gain a five-month postponement. Instead, I

would have agreed to not present any opposition if Defendant asked the Court for a second extension of time to answer the complaint.

(Emphasis added.) That evidence is insufficient to establish either equitable tolling or equitable estoppel.

## A. *Equitable Tolling*

 Equitable tolling focuses primarily on *the plaintiff's* excusable ignorance of the limitations period. *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1207 (9th Cir. 1995). This court has explained that the doctrine is not available to avoid the consequences of one's own negligence:

> The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied sparingly; for example, the Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the [agency's written] notice of the statutory period was clearly inadequate. *Courts have been generally unforgiving, however, when a late filing is due to claimant's failure "to exercise due diligence in preserving his legal rights."*

*Scholar v. Pacific Bell,* 963 F.2d 264, 267–68 (9th Cir.1992) (citations omitted) (emphasis added).

Nothing in counsel's affidavit demonstrates that plaintiffs' ignorance of the limitations period was excusable. The affidavit avers that the government's lawyer *failed to explain* to plaintiffs' counsel the consequences of a voluntary dismissal in the face of a written notice of final denial. The affidavit does *not* state that the government's lawyer gave affirmatively misleading (or, indeed, any) advice about the statute of limitations. In *Stallcop v. Kaiser Found. Hosps.,* 820 F.2d 1044, 1049 (9th Cir.1987), the plaintiff argued that the statute of limitations should have been equitably modified, because the defendant had not informed her of the applicable statute of limitations. This court held that equitable relief was not available, because the opposing party had no duty to inform the plaintiff of the statute of limitations. *Id.* at 1050. *See also Williams v. United States,* 711 F.2d 893, 899 (9th Cir. 1983) (stating that it is a claimant's responsibility to follow strictly the procedural requirements of the FTCA and that a federal agency has no duty to tell a claimant that an action might not lie against the agency under the FTCA). Similarly, in this case, the absence of legal advice from the government's counsel does not make plaintiffs' ignorance of the limitations period excusable.

Further, the affidavit does *not* state that the government prevented plaintiffs from refiling the action, for example, by creating impossible timing. *Compare Alvarez-Machain v. United States,* 107 F.3d 696, 701 (9th Cir.1996) (stating a general rule that equitable tolling applies when the defendant's wrongful conduct prevents the plaintiffs from asserting their claim or when it is impossible for the plaintiffs to file on time due to extraordinary circumstances beyond their control), *cert. denied,* —— U.S. ——, 118 S.Ct. 60, 139 L.Ed.2d 23 (1997). Neither does the affidavit state that the government's lawyer gave any assurance that the statute of limitations would be tolled or that the government would forego a statute of limitations defense. The mere expression of "some confidence" that the agency "would be interested in trying to settle" the case later is not enough to excuse plaintiffs' letting the statute of limitations lapse. In these circumstances, equitable tolling does not apply.

## B. *Equitable Estoppel*

 Equitable estoppel focuses on the actions of *the defendant. Supermail Cargo,* 68 F.3d at 1207. The elements of equitable estoppel are that

> (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct. When a party seeks to invoke equitable estoppel against the government, we additionally require a showing that the agency

engaged in "affirmative conduct going beyond mere negligence" and that "the public's interest will not suffer undue damage" as a result of the application of this doctrine.

*United States v. Hemmen,* 51 F.3d 883, 892 (9th Cir.1995) (citations omitted).

Here, at a minimum, plaintiffs fail to meet the third element. They were not ignorant of the relevant facts. The notice of final denial that the Postal Service mailed to them contained written advice of the six-month period of limitation. Moreover, 28 U.S.C. § 2401(b) provided then, as now, that an action is "forever barred" if not filed within six months of the requisite mailing of an agency's denial of a claim.

Additionally, an omission to give advice is insufficient conduct to support equitable estoppel against the government. *See Cadwalder v. United States,* 45 F.3d 297, 299–300 (9th Cir.1995) (holding that inaction, in the form of the government's failure to inform the plaintiffs that their claim was legally insufficient, could not support equitable estoppel). Plaintiffs cannot successfully invoke equitable estoppel here.

### C. *Conclusion*

We conclude that the district court did not err when it dismissed *Lehman II* as time-barred.

### MOTION TO VACATE VOLUNTARY DISMISSAL OF *LEHMAN I*

Plaintiffs' final argument is that the district court erred when it denied their motion, made pursuant to Fed.R.Civ.P. 60(b)(6),[7] to vacate the voluntary dismissal of *Lehman I.* We review a district court's denial of a Rule 60(b) motion to vacate a dismissal for abuse of discretion. *United States v. 87 Skyline Terrace,* 26 F.3d 923, 929 (9th Cir. 1994).

Rule 60(b)(6) is a catch-all provision that allows a court to vacate a judgment for

"any other reason justifying relief from the operation of the judgment." That rule "has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993). To receive Rule 60(b)(6) relief, a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.* Neglect or lack of diligence is not to be remedied through Rule 60(b)(6). *United States v. RG & B Contractors, Inc.,* 21 F.3d 952, 956 (9th Cir.1994); *Stevens v. ITT Sys., Inc.,* 868 F.2d 1040, 1041 (9th Cir.1989). In this case, the district court denied plaintiffs' Rule 60(b)(6) motion on the ground that there was no evidence that counsel for the parties had entered into a formal written or oral agreement that, if *Lehman I* were dismissed, plaintiffs could refile at any time in the future without regard to the statute of limitations.

Plaintiffs argue that Rule 60(b)(6) relief is justified, because defense counsel repudiated an agreement that settlement negotiations would resume when Ms. Lehman's medical condition stabilized, if plaintiffs agreed to dismiss *Lehman I. See Kalt v. Hunter,* 66 F.3d 1002, 1006 (9th Cir.1995) (noting that, although Rule 60(b)(6) may not be used to enforce a settlement agreement, it may be used to reopen a dismissed case because of breach of a settlement agreement); *Keeling v. Sheet Metal Workers Int'l Ass'n,* 937 F.2d 408, 410 (9th Cir.1991) ("Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."). The United States counters that the agreement incorporated no promises with respect to the tolling of the statute of limitations, with respect to the conditions of any future litigation, or even with respect to the certainty of reaching a settlement on the merits. As discussed in the foregoing section, on this record, the government's characterization of the agreement is correct. The district court did not abuse its discretion.

---

7. Fed.R.Civ.P. 60(b)(6) provides:
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: .... (6) any other reason justifying relief from the operation of the judgment.

**1018**

The judgment in each of these cases is AFFIRMED.