Amanuel M. SOLOMON, Petitioner,

v.

John ASHCROFT, Attorney General * Respondent.

No. 00–70039.

I & NS No. A76–643–665.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2001 **.

Decided Oct. 4, 2001.

---

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** The panel finds this case appropriate for submission without oral argument. Fed. R. of App. P. 34(a)(2).

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER, Senior District Judge.***

MEMORANDUM ****

The Immigration and Nationality Act provides that "written notice [of removal proceedings] shall be given in person to the alien [o]r, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record." I.N.A. § 239(a)(1), 8 U.S.C. § 1229(a)(1) (2000). We agree with the BIA that petitioner received proper notice under I.N.A. § 239(a)(1).

The BIA did not abuse its discretion by ignoring evidence in the record that allegedly showed that Solomon had changed his address with the INS before the Notice to Appear was issued. "We presume that a fact finder reviews all the evidence presented unless [it] explicitly expresses otherwise." *Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000) (quoting *Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed.Cir.1986)). Here, Solomon's proffered evidence was an unsigned copy of a letter that he urged had been sent by his wife to the INS. He had no record of that agency's receipt of a copy, and we have seen no such evidence in the record. In contrast, the INS had a clear record that petitioner's last known address was given as that of his counsel. Petitioner's argued evidence was insufficient to overcome the contrary evidence and thereby to warrant the reopening of his removal proceeding. The BIA's decision on petitioner's last known address was reasonable in light of the evidence.

*** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The BIA did not err in failing to reopen Solomon's removal proceeding because he raised a claim based on the exceptional circumstance of ineffective assistance of counsel. A motion to reopen based on exceptional circumstances must be "filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." I.N.A. § 240(b)(5)(C)(i), 8 U.S.C. § 1229a (b)(5)(C)(i) (2000). *See also Singh–Bhathal v. INS,* 170 F.3d 943, 946 (9th Cir. 1999) ("[f]ailure to move for reopening within [the statute's] 180–day period precludes relief from deportation."); *In re A–A–,* Interim Dec. 3357, 1998 WL 422064 (BIA 1998) (a claim of ineffective assistance of counsel is not an exception to the 180–day time limit). Here, the immigration judge ordered Solomon removed *in absentia* on December 23, 1998 and Solomon filed his motion to reopen on July 9, 1999, a date beyond the 180–day filing period. Solomon's motion to reopen was not timely.

█ Solomon's ineffective assistance of counsel claim did not toll the above 180–day statutory deadline. "Equitable tolling focuses primarily on the plaintiff's excusable ignorance" and "is not available to avoid the consequences of one's own negligence." *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir.1998), *cert. denied,* 526 U.S. 1040, 119 S.Ct. 1336, 143 L.Ed.2d 500 (1999). Though Solomon was aware of his *in absentia* removal order before the 180–day filing period had expired, he presented insufficient evidence to demonstrate that his failure to file a timely motion to reopen was without "want of diligence or care on his part." *Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999) (citations omitted). Here, unlike the circumstances in *Lopez,* the record does not show that Solomon was defrauded by an individual purporting to provide legal services after the *in absentia* removal order was·issued.

Petitioner's motion to reopen was untimely. We conclude that the BIA had sound reasons and evidence in support of its decision, and did not abuse its discretion in declining to reopen the removal proceeding.

PETITION DENIED.