**Faye N. ALMAZAN, Plaintiff—Appellant,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

No. 03–55093.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2004.

Decided Feb. 18, 2004.

Willie Jordan Curtis, Esq., University of Arizona, College of Law, Jill Sosin, University of Arizona, James E. Rogers College of Law, Sherry Janssen, Law Student, Nonnie Shivers, Law Student, Edwin Aguilar, Law Student, University of Arizona, Tucson, AZ, for Plaintiff–Appellant.

Faye N. Almazan, Pro Se, San Diego, CA, for Plaintiff–Appellant.

Cindy M. Cipriani, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Defendants–Appellees.

Before: KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Because renewal of a contract is a discretionary function excluded from the Federal Tort Claims Act's waiver of sovereign immunity, the district court lacked subject matter jurisdiction to consider Almazan's claims to the extent they are premised on failure to renew her contract. 28 U.S.C. § 2680(a); *United States v. Gaubert,* 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Gen. Dynamics Corp. v. United States,* 139 F.3d 1280, 1283 (9th Cir. 1998).

To the extent that Almazan asserts claims premised on discrimination, those claims are time-barred by 28 U.S.C. § 2401(b). *Lehman v. United States,* 154 F.3d 1010, 1013 (9th Cir.1998); *Parker v. United States,* 935 F.2d 176, 177 (9th Cir. 1991).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

