**Steven M WINTER, a single person, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 03–16048.

D.C. No. CV–97–01484–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2004.

Decided March 18, 2004.

Michelle Johnson, Steven M. Friedman, Esq., Begam, Lewis, Marks & Wolfe, Phoenix, AZ, D. Michael Cutchen, Gibson, Ferrin & Riggs, P.L.C., Mesa, AZ, Plaintiff–Appellant.

Robert S. Greenspan, Esq., William G. Cole, Esq., Washington, DC, for Defendant–Appellee.

Before B. FLETCHER, REINHARDT, Circuit Judges, and RESTANI, Chief Judge.*

MEMORANDUM **

This is the second time we have been called upon to review a district court order finding that procedural deficiencies prevent Steven Winter from proceeding with his medical malpractice claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq. See Winter v. United States, 244 F.3d 1088 (9th Cir.2001). Once again, we reverse and remand.

On this appeal, Winter challenges the district court's determination that because he did not file his action within six months of January 31, 1996, it was barred by the statute of limitations. 28 U.S.C. § 2401(b). January 31st was the date on which the Department of Veterans Affairs ("VA") sent Winter a letter by certified mail denying his request for reconsideration. Although there is evidence in the record that the letter never arrived, we need not reach Winter's contention that the statutory period does not begin to run under § 2401(b) until a claimant receives actual notice of the agency's final denial. We hold that the government is equitably estopped from asserting a statute of limitations defense against Winter because the VA engaged in a pervasive pattern of affirmative misconduct that began in April 1996, well within the six-month statutory period that the government argues is applicable. See Pauly v. U.S. Dep't of Agric., 348 F.3d 1143, 1149–50 (9th Cir.2003); Lehman v.

United States, 154 F.3d 1010, 1016–17 (9th Cir.1998).

The district court decided not to apply equitable estoppel primarily on the basis of its conclusion that "there was no affirmative misconduct on the part of [the] defendant; rather, its conduct was merely negligent." We disagree. In April 1996, a senior attorney in the Cleveland Regional Counsel's office responded to a telephone inquiry from Winter. He led Winter to believe that settlement was still actively being considered while concealing from him the fact that the General Counsel's office had sent him a letter several months earlier denying his reconsideration request.

In September 1996, in another phone call, the same senior attorney informed Winter that the VA had earlier denied reconsideration, to which Winter replied that he had not received the letter. Government counsel did not tell Winter that his claim was now "forever barred" pursuant to § 2401(b); instead, the senior attorney communicated with lawyers in the VA General Counsel's office who launched an investigation to determine what had happened to the letter.

Through December 1996, Winter had further communications with the VA via telephone and by means of written correspondence. During this period, the VA repeatedly told Winter that an investigation into the fate of the letter was still pending. It also maintained that settlement was still possible, going so far as to request additional medical documentation from Winter. In reliance on his communications with the VA, Winter refrained from filing suit. This was the intended effect,

---

* The Honorable Jane Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for it is apparent that the conduct of these government lawyers was part of a coordinated effort to buy time while the agency determined how to proceed.

On January 17, 1997, the VA sent Winter a second denial letter. The district court admitted, with good reason, that it was "considerably concerned with defendant's conduct as it relates to the sending of th[is] letter." Nowhere does this second letter assert that the statute of limitations had already run. Rather, it makes passing reference to "a letter" previously mailed to Winter, provides for the first time detailed reasons for the denial of reconsideration, and then proceeds to explain:

> With the present communication, we advise you that we have completed our reconsideration of your claim, and that the claim is again denied.... If you are dissatisfied with the action taken on your claim, you may ... file suit in an appropriate Federal district court no later than 6 months after the date of mailing of notice of final denial as shown by the date of *this* letter.

(emphasis added). The district court found that the VA attorneys "intended the letter to be vague" as to Winter's legal rights. An intentionally vague document cannot be explained away as a "mistake" or "an unfortunate bureaucratic error" as the government now argues. Nor was the letter the work of a low-level bureaucrat. It was customized, reviewed, and approved up the chain of command to the Assistant General Counsel of the VA, who signed it. The second letter was in fact not vague. Instead, it marked the culmination of a pervasive pattern of affirmative misrepresentation and concealment that was deliberately perpetrated by government attorneys.

The other elements of equitable estoppel favor Winter. *See Lehman*, 154 F.3d at 1016–17. As the district court found, the VA knew the facts and either intended that Winter would rely on its conduct or acted so that Winter had a right to believe it so intended. There is no evidence that Winter was aware of the January 1996 denial letter before the VA's misconduct began, or that Winter was aware that the VA had finally decided against him until January 1997. In fact, a VA lawyer told Winter that the matter of the earlier denial letter was still being investigated, which makes it impossible for us to charge Winter with knowledge. *See Watkins v. U.S. Army*, 875 F.2d 699, 710 (9th Cir.1989) (en banc). Winter detrimentally relied upon the VA lawyers' conduct beginning in April 1996, which led him to believe that settlement was still a possibility and that the agency was investigating the fate of the initial letter. Once he received the second letter, he filed suit within the six-month period that it expressly provided. Holding the VA accountable for its affirmative misconduct will also avoid a "serious injustice" and will not "unduly harm the public interest." *Pauly*, 348 F.3d at 1149.

Thus, we conclude that the district court abused its discretion by failing to apply equitable estoppel in this case. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir.2000). Accordingly, we hold that the government is barred from asserting a statute of limitations defense to Winter's medical malpractice suit.

REVERSED and REMANDED.