**Marvin NIDOY, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General,\***
**Respondent–Appellee.**

**No. 03–35903.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Aug. 27, 2004.

\* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent. FED. R.APP. P. 43(c)(2). The Clerk shall amend the docket to reflect the above caption.

Hilary A. Han, Esq., Victoria Dobrin, Dobrin & Han, LLC, Seattle, WA, for Petitioner–Appellant.

Christopher Lee Pickrell, Esq., Robert T. Seder, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

Before: HALL, CALLAHAN, Circuit Judges, and BERTELSMAN, District Judge.**

### MEMORANDUM ***

Petitioner Marvin Nidoy appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which petition was premised on a claim of equitable estoppel: Nidoy argued that the government should be prevented from executing its order of removal against him based on the alleged misconduct of an immigration official who purportedly misadvised him regarding the immigration consequences of his guilty plea to a charge of second-degree assault. We have jurisdiction over the appeal from the district court's denial of a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 1291 and 2253(a). We affirm the district court.

Nidoy argues that the district court erred in deeming the testimony of Agent Brady to be credible. A district court's credibility determinations are given "special deference" and are reviewed for clear error. *McClure v. Thompson*, 323 F.3d 1233, 1241 (9th Cir.2003). It did not constitute clear error for the district court to conclude that, despite their inconsistent testimony, both Merila and Agent Brady "testified candidly about their recollection and perception of the events as they now remember them."

Nidoy seeks to assert the doctrine of equitable estoppel to proscribe the government from deporting him.[1] A valid claim of equitable estoppel against the government "requires a showing that the agency engaged in 'affirmative conduct going beyond mere negligence.'" *Lehman v. United States*, 154 F.3d 1010, 1016–17 (9th Cir.1998); *Watkins v. United States Army*, 875 F.2d 699, 707 (9th Cir.1989) (*en*

---

** The Honorable William O. Bertelsman, Senior Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Describing the relief Nidoy seeks as estopping the government from "continuing" deportation proceedings is, of course, misleading, since he has already been deported. Since Nidoy suffers the "collateral consequence" of being barred from returning to the United States for 20 years as a result of his aggravated felon status, *Zegarra–Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir.2003); *see also* 8 U.S.C. § 1182(a)(9)(A)(ii)(II), he remains entitled to prosecute his claim against the government, and seek restoration of his permanent residency status, through his habeas petition.

*banc*). Nidoy cannot demonstrate by clear and convincing evidence that Agent Brady engaged in affirmative misconduct. The conversations between Agent Brady and Merila were perfunctory, and never documented. *See Rider v. United States Postal Serv.,* 862 F.2d 239, 241 (9th Cir. 1988) ("The fact that the incorrect information is given orally makes it even less likely to rise to the level of affirmative misconduct."). Although Agent ·Brady's testimony was at times equivocal, it did not constitute clear error to conclude that Merila had merely misinterpreted Agent Brady's comments, and that those comments were not appropriately characterized as "affirmative misconduct."

 Even if he were able to satisfy the prerequisites for asserting equitable estoppel against the government, Nidoy cannot demonstrate each of the four elements comprising the traditional requirements for the application of equitable estoppel. Specifically, Nidoy was not "ignorant of the true facts." *Lehman,* 154 F.3d at 1016. Nidoy was warned by his own attorney, District Attorney Grey, and Agent Brady (the latter two through Merila), of the consequences of an aggravated felony conviction (for first-degree assault). His attorney protested on multiple occasions that, in his professional opinion, Nidoy would remain subject to deportation even if he pled guilty to the lesser charge of second-degree assault. Despite those misgivings, Nidoy chose to credit the advice of Merila, and the purported advice of Agent Brady, and to accept the plea bargain. That decision, which to Nidoy reflected a reasonable judgment of the credibility of the parties advising him, was an unfortunate one. Nevertheless, it was not a decision borne of ignorance. Nidoy had the facts before him, and chose a route that culminated in his deportation. He cannot be said to have been ignorant of the true facts of his case.

AFFIRMED.