**Michael R. WARE, Plaintiff–Appellant,**

v.

**BUREAU OF LAND MANAGEMENT; et al., Defendants–Appellees.**

Nos. 03–35758, 03–35868.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Michael R. Ware, Jacksonville, OR, pro se.

James L. Sutherland, Esq., USEU—Office of the U.S. Attorney, Eugene, OR, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

Michael R. Ware has filed pro se two appeals, both of which relate to a 1990 order and judgment of the Interior Board of Land Appeals ("IBLA") finding his mining claims invalid. In No. 03–35758, Ware appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion for relief from the IBLA's order and judgment. In No. 03–35868, Ware appeals the district court's dismissal of his "counter and cross-claim"

action for review of the IBLA's decision invalidating his mining claim.

■ In case No. 03–35758, the government argues that this court lacks jurisdiction because Ward's notice of appeal was untimely. Ward however contends that he did not receive notification of the district court's minute order judgment until after the time to file a notice of appeal had expired, and that he filed his notice of appeal in a timely manner based upon the date of actual notice. Because the record does not establish that Ware was provided notice of the district court's judgment, we hold that his appeal was timely filed and assume jurisdiction pursuant to 28 U.S.C. § 1291. *See Nguyen v. Southwest Leasing & Rental Inc.*, 282 F.3d 1061, 1067 (9th Cir.2002). We review for abuse of discretion the district court's denial of a motion to vacate under Fed.R.Civ.P. 60(b), *see Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir.1998), and we affirm.

■ The district court did not abuse its discretion in denying Ward's motion for relief pursuant to Fed.R.Civ.P. 60(b) because Ward's motion, filed two years after he discovered that the underlying action had been dismissed ten years earlier, was untimely and he has not shown that he is entitled to relief because of excusable neglect, extraordinary circumstances, or as a matter of due process. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir.2004) (not excusable neglect when appellant waited a year before complaining about her lawyer's alleged malpractice); *cf. Community Dental Services v. Tani*, 282 F.3d 1164, 1170–71 (9th Cir.2002) (lawyer's "gross negligence" in repeatedly violating court orders and misleading client constituted "extraordinary circumstances"

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

which justified granting relief under Rule 60(b)(6)).

We review de novo dismissal of the counter and cross-claims for lack of subject matter jurisdiction, *see Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir. 2001), and we affirm for the reasons set forth in the district court's order filed September 17, 2003.

The government's February 27, 2004 motion to withdraw exhibits related to a different appeal is granted.

All remaining motions are denied.

AFFIRMED.