NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLET JONES, | No.   17-56473 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-02673-JGB-KK |
| v. | |
| ENCORE CREDIT CORP.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted April 11, 2018[**]

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Marlet Jones appeals pro se from the district court's order dismissing her

action alleging federal and state law claims arising out of foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Kwan v.*

*SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (dismissal under Fed. R.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(6)); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (res judicata). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of the FDCPA claim was proper because Jones failed to allege facts sufficient to show that defendants were debt collectors, or that they engaged in debt collection activity. *See Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Schlegel v. Wells Fargo Bank, NA,* 720 F.3d 1204, 1208 (9th Cir. 2013) (complaint "must plead factual content that allows the court to draw the reasonable inference" that defendant is a "debt collector" as defined by the FDCPA (citation and internal quotation marks omitted)).

The district court properly dismissed Jones's remaining claims as barred by the doctrine of res judicata because defendants were parties or in privity with parties in prior actions. *See Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1367 (9th Cir. 1985) (listing elements of res judicata under California law and explaining that "[p]rivity . . . exists when a person [is] so identified in interest with another that he represents the same legal right" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Jones's motion for

reconsideration under Federal Rules of Civil Procedure 60(b)(1), 60(b)(4), and 60(b)(6) because Jones failed to establish any basis for relief. *See United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) ("A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law."); *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (setting forth standard of review and explaining that Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice" (citation and internal quotation marks omitted)). Even if the district court erred in not reconsidering the dismissal of Jones's FDCPA claim on the basis of res judicata, any such error was harmless because the claim failed on its merits. *See* Fed. R. Civ. P. 61.

Denial of Jones's motion for reconsideration under Federal Rule of Civil Procedure 59(e) was not an abuse of discretion because a judgment had not yet been entered. *See* Fed. R. Civ. P. 59(e); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989) ("Rule 59(e) clearly contemplates entry of judgment as a predicate to any motion." (citation omitted)). Even if the motion was construed as a motion under Rule 60(b), the district court properly denied it because Jones failed to establish any basis for relief. *See* Fed. R. Civ. P. 61; *Lehman*, 154 F.3d at 1017.

17-56473

The district court did not abuse its discretion by denying Jones's motion for leave to amend after concluding that amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

**AFFIRMED.**