NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODRICK J. SILAS, | No. 17-16689 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00012-DAD-JLT |
| v. | |
| SELECT PORTFOLIO SERVICING, INC. and U.S. BANK, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Steams Asset Backed Securities I Trust 2006-AQ1, Asset-Backed Certificates Series 2006-AQ1, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 13, 2018**
San Francisco, California

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Rodrick J. Silas appeals pro se from the district court's post-judgment orders

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his motions to reconsider the dismissal of his action alleging federal and state law claims arising out of foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court did not abuse its discretion by denying Silas's motion for reconsideration under Federal Rules of Civil Procedure 60(b)(1) and (b)(6) because Silas failed to establish any basis for relief.  *See Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice" (citation omitted)); *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 870 n.15 (9th Cir. 1976) (explaining that it is "not the proper function of a Rule 60(b) motion" to "attempt[ ] to reargue the primary appeal"), *partially superseded on other grounds* by Fed. R. App. P. 4.  Even if the district court erred in not reconsidering the dismissal of Silas's Fair Debt Collection Practices Act or wrongful foreclosure claims on the basis of res judicata, any such error was harmless because the claims failed on their merits.  *See* 15 U.S.C. §§ 1692e, 1692g; *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) (elements of wrongful foreclosure claim under California law); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly denied Silas's motion for reconsideration under Federal Rule of Civil Procedure 59(e) because the motion was untimely. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment."). Even if the motion was construed as a motion under Rule 60(b), the district court properly denied the motion because Silas failed to establish any basis for relief and any error in denying the motion was harmless. *See Lehman*, 154 F.3d at 1017; *Crateo, Inc.*, 536 F.2d at 870 n.15; Fed. R. Civ. P. 61.

**AFFIRMED.**

17-16689