NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN H. JOHNSON; PAULA A. JOHNSON,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CALIBER HOME LOANS, INC.; et al.,<br><br>Defendants-Appellees. | No.    17-56722<br><br>D.C. No. 5:16-cv-02136-PA-GJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Stephen H. Johnson and Paula A. Johnson appeal pro se from the district

court's post-judgment orders denying their motions to alter or amend the judgment

and to reconsider the dismissal of their action alleging federal and state law claims

arising out of foreclosure proceedings.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review for an abuse of discretion.  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion by denying the Johnsons' motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1), (b)(4) and (b)(6) because the Johnsons failed to establish any basis for relief.  *See* Fed. R. Civ. P. 60(b)(1) (party may be relieved from judgment due to "mistake, inadvertence, surprise, or excusable neglect"); *Sch. Dist. No. 1J*, 5 F.3d at 1263; *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." (citations omitted)); *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying the Johnsons' motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because the motion was untimely.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  To the extent the motion also sought relief under Federal Rule of Civil Procedure 60(b), the district court did not abuse its discretion by denying the

motion because the Johnsons failed to establish any basis for relief. *See Sch. Dist.*

*No. 1J*, 5 F.3d at 1263.

**AFFIRMED.**