NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLEN M. WINTERBOTTOM, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DAVID T. UNDERRINER, in his official capacity as President of Kaiser Foundation Health Plan and Hospitals of Hawaii; CATHERINE A. KORTZEBORN, in her official capacity as Deputy Regional Administrator of U.S. Centers for Medicare and Medicaid Services, Region 9 - San Francisco, <br><br> Defendants-Appellees. | No. 20-15314 <br><br> D.C. No. 1:19-cv-00364-JAO-WRP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Glen M. Winterbottom appeals pro se from the district court's judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action under Title III of the Americans with Disabilities Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148, 1154 (9th Cir. 2015). We affirm.

The district court properly dismissed Winterbottom's action for lack of standing because Winterbottom failed to establish that he had suffered or would imminently suffer an injury-in-fact.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (to satisfy the injury-in-fact requirement, a plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Winterbottom's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Winterbottom's motions for reconsideration because Winterbottom presented no basis for relief. *See Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (setting forth

standard of review and grounds for reconsideration under Fed. R. Civ. P. 60).

**AFFIRMED.**