that the value of the pledged collateral fluctuat-

1186, but we have no occasion to decide that issue today.

### V.

We hold that a lender who holds the guaranty of an insider of a debtor company is subject to the year-long preference recovery period of 11 U.S.C. § 547(b)(4)(B), rather than the ninety-day period specified in § 547(b)(4)(A). Whether a waiver of the guarantor's rights against the debtor suffices to circumvent this rule is a question we leave for another panel and another day.

U.S. National Bank of Oregon saw fit to lend Sufolla, Inc. a substantial amount of money on the strength of certain collateral and the personal guaranties of Sufolla insiders. The Bank received a preferential payment of $4,332.05 within one year of Sufolla's bankruptcy, a payment which benefited the insiders. The Bank must now return the payment and seek its due from the collateral and the guarantors, the precise recourse for which the Bank initially bargained.

**AFFIRMED.**

**Deno PRICE, Plaintiff–Appellant,**

v.

**PROVIDENT LIFE AND ACCIDENT, INSURANCE COMPANY, aka, The Provident; The Florsheim Shoe Company, aka The Florsheim Shoe Company–South, Defendants–Appellees.**

No. 92–55417.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1993.

Decided Aug. 26, 1993.

ed. *Id.* at 802 n. 17.

Bridget Baynes, Santa Ana, CA, for plaintiff-appellant.

Laura E. Fannon, Kelly, Herlihy & Bane, San Francisco, CA, for defendants-appellees.

* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the 10th Circuit, sitting by designation.

Before: BROWNING, FARRIS and KELLY,* Circuit Judges.

FARRIS, Circuit Judge:

Deno Price filed suit to recover damages against Provident Life and Accident Insurance Company for its failure to pay medical expenses incurred by his decedent son under an insurance contract issued through his employer. The district court granted summary judgment in favor of Provident, holding that the statute of limitations had run on Price's claim.

We reverse.

Deno Price was provided medical benefits by Provident through his employer, Florsheim Shoes, from April 26, 1982 through May 18, 1984. The policy provided coverage to Price's offspring from birth. Price's son, Andre, was born September 9, 1982. Andre was born with biliary atresia, a serious medical condition, for which he received extensive treatment between January 1983 and his death on April 20, 1984. The hospital submitted his bills directly to Provident. Price filed a claim with Medi–Cal, the state of California's version of Medicaid, to cover any costs that exceeded Provident's policy limit of $100,000.

Provident sent Price thirty-three notices, thirty of which indicated payment of various medical bills and three of which indicated nonpayment of bills due to a "preexisting condition". In January and March 1983, Andre incurred medical bills totalling $93,000. Provident never notified him that they were denying coverage for those bills. Medi–Cal apparently paid those bills, but Price alleges that he did not know it until 1989 when Medi–Cal sought to attach funds that Price obtained in a medical malpractice action on behalf of Andre. Price reimbursed Medi–Cal for a portion of the benefits. His attorney subpoenaed records from Provident which showed that the claims had been denied.

Price filed suit against Provident in 1991, alleging breach of contract, bad faith and fraud. Provident removed the action to federal court, asserting diversity and federal question jurisdiction. The benefits plan was an ERISA plan, and therefore, controlled by federal law.

Provident asserted that Price's action was barred by both the statute of limitations under the California Code of Civil Procedure, sections 337, 338, and 339 and the contractual limitations period. The insurance contract provided that claims must be filed within three years of the date on which the proof of loss was required to be furnished. The contract required proof of loss within ninety days of the loss or as soon as reasonably possible.

The district court held that the contractual statute of limitations ran from the time that proof of loss was required, which it found was ninety days after Andre's death in 1984. Thus the court found that the limitation period had expired in 1987, four years before Price filed his claim.

## DISCUSSION

### I. *THE CONTRACT*

Price argues that under the contract, which is governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (1988), the period for bringing a claim did not begin to run until he received notice that Provident denied his claims. Provident argues that it is irrelevant whether it gave Price notice that it had denied him $93,000 in benefits, because the limitations period under the contract runs from the date that proof of loss is required to be submitted to Provident, not from the date that Price knew he had a claim. Provident argues that because the contract required proof of loss within ninety days of the loss, the statute of limitations period expired at the latest three years and ninety days after the death of Price's son. We reject the argument.

"Because the cause of action is federal, ... federal law determines the time at which the cause of action accrues," and "that time is when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Northern Cal. Retail Clerks Unions v. Jumbo Markets, Inc.,* 906 F.2d 1371, 1372 (9th Cir.1990) (citations omitted); *see also White v. Jacobs Engineering Group,* 896 F.2d 344, 350–51 (9th Cir.1989) (holding that inadequate notice did not trigger plan's time bar for administrative review). The injury that is the basis of Price's action is the breach of the insurance agreement. *See Jumbo Markets,* 906 F.2d at 1372 (defining "injury" as breach of the trust agreement). The statute of limitations was therefore not triggered until Price learned of Provident's denial of benefits. *See id.* at 1373; *Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge,* 827 F.2d 1324, 1328 (9th Cir.1987).

Provident maintains that under the contract, Price's claim had expired even if he never knew he had a claim. We find this argument remarkable. If accepted, Provident's argument would allow the insurer to simply bury a denial of coverage and wait for the statute of limitations to run. ERISA does not permit such a result. *See Jumbo Markets,* 906 F.2d at 1373. It mandates that the insurer give the employee notice of a denial of coverage. 29 U.S.C. § 1133. The ERISA endorsement to the Provident policy recognizes Provident's duty to provide the required notice: "If an employee's claim for benefits under the Plan is denied, the Provident will provide notice to the employee in writing of denial within a reasonable time, setting forth the specific reasons for such denial. The employee may then request a review of the decision denying the claim."[1] Provident failed to give Price the required notice. The statute of limitations did not begin to run until he had reason to know about the denial.

The record is unclear as to when Price did have reason to know that Provident had denied the two large claims from January and March 1983. He did not find out the usual

---

1. Because we find that ERISA determines the time at which the cause of action accrues, we need not decide whether Provident's interpretation of the contract is correct. We note, however, that the ERISA endorsement is part of the plan summary, the terms of which are binding on Provident and which govern if the summary conflicts with the policy. *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 982 (5th Cir.1991).

way by receiving a bill for unpaid medical fees, because Medi–Cal picked-up the bills that Provident did not pay. The record does not indicate that Medi–Cal informed Price which bills it paid. According to Price, he only knew that someone was paying the bills and assumed that Provident had paid up to the policy maximum. Provident did not notify Price of these denials.

Provident argues that notices of other denials—which are not disputed by Price—should have put him on notice that it was not paying all the bills. However, Provident paid a large number of bills and denied only a few. We reject the argument that Price should have inferred from the few denial notices that Provident sent him that there were other claims that the company was also denying, of which they were not informing him. The district court did not determine when Price had reason to know of the denials, because it deemed the date irrelevant to the contractual statute of limitations. We therefore remand for a finding of when Price knew or had reason to know that Provident had denied his claim. *See Jumbo Markets*, 906 F.2d at 1373.

Price moved pursuant to Fed.R.Civ.P. 56(f) to continue the hearing on summary judgment pending more discovery. The issue is no longer ripe for appeal. We are remanding to the district court to determine the date Price knew of the denial. The district court can determine whether additional discovery is needed to make that determination.

## II. *BREACH OF FIDUCIARY DUTY*

Price argues for the first time on appeal that the statute of limitations under ERISA for breach of fiduciary duty should apply. Breach of fiduciary duty is an entirely separate cause of action upon which the district court did not have the opportunity to rule. We, therefore, decline to address this argument on appeal. *See Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 300 (9th Cir.1989).

*Reversed and Remanded.*