Jean HAND and Howard Hand, Appellants,

v.

STEVENS TRANSPORT, INC. EMPLOYEE BENEFIT PLAN, Appellee.

No. 05–01–01386–CV.

Court of Appeals of Texas, Dallas.

July 23, 2002.

Leann Wainscott Diamond, Smith, Underwood & Perkins, P.C., Dallas, for Appellants.

Michael John Noble, Eric Wilder McNeil, Law Office of James D. Stanton, Dallas, for Appellee.

Before Justices JAMES, FARRIS,[1] and ROSENBERG.[2]

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## OPINION

Opinion By Justice FARRIS.

In three issues, Jean and Howard Hand (the Hands) appeal the trial court's grant of summary judgment dismissing as time-barred their claims for health care benefits under an insurance policy provided by the Stevens Transport, Inc. Employee Benefit Plan (the Plan) and denial of their motion for summary judgment seeking the payment of benefits from the Plan. In their first two points of error, the Hands contend the trial court erred in granting the Plan's motion for summary judgment because (1) the enforcement of the Plan's contractual limitations period to bar the Hands' claims is unreasonable and against public policy due to the Plan's failure to comply with the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (1999) (ERISA); and (2) since the contractual limitations period should not be enforced and ERISA contains no statutory limitations period for claims based on the denial of benefits, the Texas four-year statute of limitations for breach of contract claims applies to the Hands' claims. In their third issue, the Hands contend the trial court erred in denying their motion for summary judgment because they established their claim for emergency medical treatment should have been covered at eighty percent of the first $10,000 of covered expenses and 100 percent thereafter rather than at fifty percent as paid by the Plan. We resolve the Hands' issues against them because the Plan's failure to comply with ERISA in notifying the Hands their claims were being partially denied did not excuse the Hands' failure to file suit within the contractual limitations period. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The Plan provided health insurance benefits to the Hands. Under these benefits,

if the Hands used a preferred provider hospital, the Plan paid eighty percent of the first $10,000 of covered expenses and 100 percent of the covered expenses over $10,000. However, if the Hands used a hospital located within sixty-five miles of their residence that was not a preferred provider hospital, the Plan would pay only fifty percent of the covered charges. Between January 5, 1997 and March 1, 1997, Jean Hand was hospitalized on four occasions at Methodist Hospitals of Dallas d/b/a Charlton Methodist Hospital (Methodist) on an emergency basis. Methodist was not a preferred provider hospital. In consideration for providing medical services to Jean Hand, Methodist obtained an assignment of the Hands' rights to benefits due under the insurance policy.

The Plan required a "utilization review" procedure to determine the medical necessity of any hospital admissions. This procedure required Jean Hand's physician to contact the appropriate entity within forty-eight hours of Jean Hand's emergency admission to the hospital to have the treatment certified. The Hands satisfied the utilization review requirement for each of Jean Hand's hospital admissions, and each admission was certified by the Plan's agent as medically necessary and cost effective. However, the benefits description from the Plan expressly provided the utilization review did "not authorize payment of any benefits that are not otherwise payable."

On March 7, 1997, April 28, 1997, and July 14, 1997, the Plan sent the Hands "explanation of benefits" statements indicating the Plan was paying only fifty percent of the covered costs for Jean Hand's admissions to Methodist. The service code on the statements was "non-network hospital." The benefits statements also stated a total of $19,861.06 was the "patient's responsibility." Although the Plan

required the Hands to file a request for review of any claim denial within sixty days of receiving the denial, only the March 7, 1997 benefits statement contained any information regarding the steps necessary to appeal the partial denial. The Hands did not appeal the partial denial of their claims.

On August 10, 1999, Methodist sued the Hands and the Plan for $19,333.24, the fifty percent of the covered medical costs not paid by the Plan. On September 17, 1999, the Hands filed a cross-claim against the Plan for the unpaid medical expenses. On March 17, 2000, Methodist filed a motion for summary judgment on its claims against the Hands. On April 5, 2000, the Hands amended their cross-claim, specifically alleging the Plan did not require them to use a preferred provider in an emergency situation and thus they were entitled to maximum benefits. The Hands also brought a counterclaim against Methodist seeking to require Methodist to transfer the assignment of rights to receive benefits under the policy to the Hands. The Hands' counterclaim was premised on Methodist obtaining a writ of garnishment against Stevens Transport, Inc. in the amount of $19,514.93 in the litigation of a worker's compensation claim involving an injury to Howard Hand. These funds were subsequently interpleaded into the registry of the trial court.

Also on April 5, 2000, the Hands filed a motion for summary judgment against the Plan, claiming the certification of the hospital admissions through the utilization review process entitled the Hands to full benefits. The Plan filed a competing motion for summary judgment, contending (1) the twenty-seven month contractual limitations in the benefits plan required the Hands to file suit before June 1, 1999 and, because the Hands failed to do so, their claims were time-barred; and (2) the

Hands failed to exhaust their administrative remedies prior to filing their cross-claim against the Plan. The Hands then amended their cross-claim to assert a civil action under section 1132 of ERISA, seeking to recover the unpaid benefits and alleging they did not receive a denial of their claim that met ERISA's requirements. They also responded to the Plan's motion for summary judgment, arguing (1) the contractual limitations period was less than two years and therefore void under Texas law; and (2) because the Plan failed to meet ERISA's notification requirements, the Hands' administrative appeal rights were never triggered.

On June 9, 2000, the trial court determined the Hands had not received a denial notice that complied with ERISA, the Hands' claims were not barred due to their failure to exhaust their administrative remedies, and the case should be abated for six months to allow the Plan to complete an administrative review of the Hands' claims. The trial court also granted Methodist's motion for summary judgment on its claims against the Hands. On January 19, 2001, the trial court granted the Plan's motion for summary judgment, denied the Hands' motion for summary judgment, and ordered the interpleaded funds be released to Methodist.

On July 25, 2001, Methodist and the Hands filed motions seeking to dismiss with prejudice their claims against each other. On July 31, 2002, the trial court entered final judgment dismissing Methodist's claims and the Hands' counterclaims against Methodist, granting the Plan's motion for summary judgment on the ground the contractual limitations period barred the Hands' claims, and finding the Hands should take nothing on their claims against the Plan. This appeal ensued.

## STANDARD OF REVIEW

The standard for reviewing a summary judgment is whether the successful movant in the trial court carried its burden of showing there is no genuine issue of material fact and judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In conducting our review, we take as true all evidence favorable to the non-movant and make all reasonable inferences in the nonmovant's favor. *Id.* When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, this Court should review de novo all summary judgment proof, determine all issues presented, and render the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000).

## ENFORCEMENT OF CONTRACTUAL LIMITATIONS PERIOD

In their first point of error, the Hands contend the contractual limitations period should not be enforced because (1) the Plan failed to provide a notice of denial of their claims that complied with ERISA and failed to complete its internal appeals process until after the contractual limitations period expired; and (2) the contractual limitations period is against public policy and should be equitably tolled.

### A. Applicable Limitations Period

█ Neither party disputes that the Plan qualifies as an employee benefit plan under ERISA. ERISA does not contain a statutory limitations period for claims based on the denial of benefits. *Cavegn v. Twin City Pipe Trades Pension Plan*, 223 F.3d 827, 829 (8th Cir.2000). In the absence of a statutory limitations period, "a

provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than prescribed in the general statute of limitations, provided that the shorter period itself shall be reasonable." *Order of United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947); *see Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1205 (7th Cir.1992) ("Congress' silence on a limitation period … shows its willingness to accept reasonable limitations periods rather than a strong policy in favor of some particular limitations period."). Reasonable contractual limitations periods apply to claims under ERISA for the denial of benefits. *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir.1998); *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 875 (7th Cir.1997).

The terms of the benefits plan required the Hands to sue the Plan within "1 year following the end of the period required for giving proof of claim." Proof of claim was required to be filed "within 15 months after a covered expense is incurred." Accordingly, the Hands had twenty-seven months from the date of incurring the medical expenses in which to file suit against the Plan, and all claims were barred by June 1, 1999.

### B. Exhaustion of Remedies

█ The Hands first argue the statute of limitations was tolled until they exhausted their administrative remedies in November 2000. Relying on section 2560.503–1 of title 29 of the Code of Federal Regulations, the Hands contend the limitations period for filing their ERISA claims was tolled while they pursued administrative remedies.[3] We disagree.

---

**3.** Section 2560.503–1 states in pertinent part:

(c) To the extent that a plan offers volun-

First, the rule enacted by the Department of Labor applies only to claims filed with the Plan on or after January 1, 2002. 29 CFR § 2560.503–1(o) (2001). Thus, it does not apply to the Hands' claims. Second, even if applicable to the Hands' claims, the rule would not have tolled limitations. The rule serves only to toll limitations while a claimant pursues voluntary administrative appeals. *Id.* § 2560.503–1(c)(3)(ii). Although the benefits plan's terms state the Hands "may" file an appeal, the Hands were required to exhaust their internal remedies before being allowed to sue. 29 U.S.C. § 1133(2) (1999); *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir.2000); *Doe*, 112 F.3d at 873. The administrative appeal at issue in this case was mandatory, and the new rule would not toll limitations while the Hands ·pursued that appeal.

## C. Failure to Provide Statutory Denial

▪ Relying on *Price v. Provident Life & Accident Insurance Co.*, 2 F.3d 986, 988 (9th Cir.1993), the Hands next contend the statute of limitations did not begin to run on their claims until they had reason to know their claim had been denied. The Hands argue they had no reason to know of the denial because the benefits statements they received indicating the Plan was paying only fifty percent of the covered expenses did not comply with ERISA[4] and the statute of limitations did not begin running on their claims until

after the Plan provided a notice of denial that complied with the statutory requirements.

*Price* does not stand for the proposition that a contractual limitations period is tolled until a claimant receives a denial that complies with ERISA. The *Price* claimant received no notice his claims had been denied, raising concerns an insurer could bury a denial until after limitations had run. Therefore, the Ninth Circuit remanded the case for a determination of when the claimant could have reasonably known of the denial. *Id.* at 989. However, the *Price* court expressly noted that, because Medi–Cal paid the claims the insurer denied, the claimant did not find out about the denial in "the usual way by receiving a bill for unpaid medical fees." *Id.* at 988–89. If the claimant had received a bill for unpaid medical bills, a notice that would not have met ERISA's requirements, he would have reasonably known of the denial. In this case, the Hands received notice of the partial denial through both the explanation of benefits statements provided by the Plan and the notice in the benefits plan's terms that if no response to a claim was "received within 90 days, allowing reasonable time for mailing, you may assume your claim has been denied and proceed to the claim review stage outline [sic] below." While those denials did not meet ERISA's requirements, they were reasonable notice to

---

tary levels of appeal (except to the extent that the plan is required to do so by State law), including voluntary arbitration or any other form of dispute resolution, in addition to those permitted by paragraph (c)(2) of this section, the claims procedures provide that:

\* \* \*

(ii) The plan agrees that any statute of limitation or other defense based on timeliness

is tolled during the time that any such voluntary appeal is pending;

29 CFR § 2560.503–1(c)(3)(ii) (2001).

4. ERISA requires the denial of claim to be in writing and state the specific reasons for the denial, in a manner calculated to be understood by the participant. *See* 29 U.S.C. § 1133(1) (1999). The Plan did not appeal the trial court's determination the benefits statements did not meet these requirements.

the Hands the claims had been partially denied.

The requirement that a claimant exhaust his administrative remedies prior to filing suit is separate and distinct from the requirement that suit be filed within the applicable limitations period. *I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc.*, 182 F.3d 51, 57 (1st Cir.1999). In *I.V. Services*, as in this case, the denial of the medical benefits sought by the claimant did not comply with ERISA and thus excused the claimant's failure to exhaust administrative remedies. I.V. Services of America, Inc., the medical provider, argued, as do the Hands, that the denial's failure to comply with ERISA also tolled the contractual limitations period. Based on a contractual limitations provision very similar to the one at issue in this case,[5] the court held "the beginning of the Plan's limitations period is not dependent on whether the claimant pursues administrative review." *Id.* at 57; *see Bourgeois*, 215 F.3d at 482 n. 31 (referring claimant who failed to exhaust administrative remedies to benefits committee for out-of-time administrative determination "does not cover limitations arguments that relate to the timing of the federal suit"); *Pension Benefit Guar. Corp. v. Carter & Tillery Enters.*, 133 F.3d 1183, 1187 (9th Cir.1998) (in claim under sections 1302 and 1307 of ERISA, district court may consider staying proceedings pending administrative review, " '*particularly where a statute of limitations problem might develop*,' " because dismissing claim without prejudice to allow for exhaustion of administrative remedies would "effectively" be dismissal with prejudice due to limitations bar) (citations omitted); *Doe*, 112 F.3d at 873 (length of internal appeal process does not extend contractual limitations period); *DiMarco v. Mich. Conference of Teamsters Welfare Fund*, 861 F.Supp. 599, 606 (E.D.Mich. 1994) (excusing exhaustion of remedies requirement due to denial's failure to comply with ERISA but applying two-year contractual limitations period).

Under the contractual limitations clause at issue in this case, the requirement the Hands exhaust their administrative remedies is separate and distinct from the requirement the Hands timely file their claims. While the Plan's failure to comply with ERISA in notifying the Hands their claims were being partially denied excused the Hands' failure to exhaust their administrative remedies prior to filing suit, it did not excuse the Hands' failure to file suit within the contractual limitations period.

## D. Public Policy

■ The Hands next argue that strict enforcement of the contractual limitations period frustrates the requirement a claimant exhaust administrative remedies prior to filing an ERISA claim. The Hands contend that if their claims were barred by limitations prior to the trial court's abatement of the case to complete the administrative review, then the review had no purpose because the Plan had no incentive to provide a meaningful review. Citing only to Judge Parker's dissent in *Radford v. General Dynamics Corp.*, 151 F.3d 396 (5th Cir.1998) (per curiam), the Hands argue public policy requires the tolling of limitations while administrative remedies are being pursued.[6]

---

**5.** The benefits plan at issue in *I.V. Services* stated (1) proof of loss was required to be submitted within ninety days after the date of loss; (2) suit could not be filed until sixty days after the proof of loss was submitted; and (3) suit was required to be filed within three years after the date proof of loss was submitted. *I.V. Servs. of Am., Inc.*, 182 F.3d at 57.

**6.** *Radford* dealt with a claim for breach of fiduciary duty under ERISA. The Fifth Circuit determined that section 1113 of ERISA is

While there may well be situations in which the statute of limitations should be tolled while a party pursues administrative remedies, the contractual limitations provision at issue precludes such tolling in this case. The contractual limitations period required the Hands to file suit within twenty-seven months from the date the medical expenses were incurred. The limitations period was not dependent on the Hands pursuing their administrative remedies and was not tolled during the almost two-year period the Hands failed to do so. *See I.V. Servs. of Am., Inc.,* 182 F.3d at 57; *Doe,* 112 F.3d at 873 (noting internal appeals process did not toll contractual limitations period).

If the Hands had timely filed suit, the trial court had the authority to fashion a remedy that included the completion of the administrative review. *See Bourgeois,* 215 F.3d at 482 (referring claim to benefit committee for out-of-time administrative review and precluding benefits plan from arguing before committee review was untimely). In fact, that is exactly what the trial court did in this case, and the Hands have offered no evidence the Plan did not appropriately complete the out-of-time administrative review ordered by the trial court. Because the Hands had a means to timely file suit and complete the administrative review, public policy does not require the contractual limitations period be tolled until the Hands exhausted their administrative remedies.

*E. Equitable Tolling*

 The Hands' final argument in support of their first point of error is the statute of limitations should be equitably tolled due to the Plan's failure to provide the Hands a denial that complied with ERISA. Assuming equitable tolling ap-

plies to an ERISA claim, the Hands have failed to establish they are entitled to rely on the doctrine to toll the contractual limitations period. *See Jobe v. Immigration & Naturalization Serv.,* 238 F.3d 96, 100 n. 8 (1st Cir.1999) (en banc) (proponent of equitable tolling bears burden "of making a prima facie showing of entitlement to equitable tolling").

 Equitable tolling is a "sparingly" invoked doctrine. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). It focuses primarily on the Hands' "excusable ignorance of the limitations period." *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir.1998). The Hands may not rely on equitable tolling to avoid the consequences of their own negligence. *Id.* The factors that must be considered in deciding whether to apply equitable tolling in a given case are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Jobe,* 238 F.3d at 100; *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

 The Hands offered no summary judgment evidence to establish either the second or third factors. In her affidavit in support of the Hands' motion for summary judgment, Jean Hand admitted the Hands received a copy of the Plan document that contained the contractual limitations period. Thus, the Hands had constructive knowledge of the filing requirement. Further, although the Hands presented summary judgment evidence they did not receive a denial that complied with ERISA, Jean Hand admitted in her affidavit that

---

a statute of repose establishing an outside limit of six years in which to file suit on such

claims and was not subject to equitable tolling. *Radford,* 151 F.3d at 400.

during the months following her hospitalization, the Hands received statements "indicating that the expenses incurred during my hospitalization at Methodist were being paid by [the Plan] at a rate of 50% of the total charges." The only summary judgment evidence of any steps taken by the Hands after receiving these statements is the affidavit of William F. Tallent, the designated administrator of the Plan, stating the Hands made no request for review or otherwise attempted to initiate a review of the payments made by the Plan after they received the benefits statements and before Methodist filed suit. Equitable tolling does not apply when the late filing is due to the claimants' failure to exercise due diligence in preserving their legal rights. *Irwin*, 498 U.S. at 96, 111 S.Ct. 453; *I.V. Servs. of Am., Inc.*, 182 F.3d at 56; *Lehman*, 154 F.3d at 1016.

We conclude the contractual limitations period was not tolled until the Hands exhausted their administrative remedies or received a denial from the Plan that complied with ERISA. We further conclude the Hands failed to carry their burden of establishing they were entitled to equitable tolling of the limitations period. We overrule point of error number one.

### STATUTE OF LIMITATIONS

In their second point of error, the Hands contend (1) the contractual statute of limitations period in the Plan is less than two years and is unreasonable due to the Plan's failure to comply with ERISA; (2) because the contractual statute of limitations is unreasonable, an analogous state statute of limitations should apply; and (3) the four-year statute of limitations for

breach of contract found in section 16.004 of the civil practice and remedies code should apply to their claims.

#### A. Contractual Limitations Period

We have already determined the Plan's failure to provide a denial that complied with ERISA did not affect the requirement the Hands file suit within the contractual limitations period. The question thus is whether twenty-seven months from the date the cost is incurred is a reasonable limitations period for suing the Plan for the denial of benefits. *Wolfe*, 331 U.S. at 608, 67 S.Ct 1355.

The trial court determined the contractual limitations period was reasonable. We review the trial court's conclusions of law de novo. *MCI Telecomm. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999). We conclude a limitations period of twenty-seven months from the date the costs were incurred is reasonable. *See Doe*, 112 F.3d at 875 (thirty-nine-month limitations period from date of services for which benefits sought was reasonable); *DiMarco*, 861 F.Supp. at 607 (two-year limitations period from date of loss was reasonable); *Chilcote v. Blue Cross & Blue Shield United*, 841 F.Supp. 877, 880 (E.D.Wis.1993) (three-year limitations period from date proof of loss required to be furnished was reasonable).

#### B. Applicability of State Law

The Hands argue the limitations period is less than two years because the Plan prohibited them from filing suit "before 90 days following the date you send us proof of claim." [7] The Hands contend a contractual limitations period of less than

---

7. Jean Hand first incurred medical expenses on January 5, 1997. The Hands argue the earliest date they could have sued the Plan was April 7, 1997, the ninety-first day after the expenses were incurred. The final day on which they could have filed suit was twenty-seven months after the expense was incurred, April 4, 1999. Under their argument, the statute of limitations was two days less than two years.

two years is void under Texas Civil Practice and Remedies Code section 16.070(a),[8] and, therefore, the four-year statute of limitations for breach of contract claims applies to their claims. A state statute prohibiting the shortening of a statute of limitations is not binding on ERISA claims. *Doe,* 112 F.3d at 873.

Because the contractual limitations period is reasonable, we do not need to consider whether an analogous state limitations period is applicable. *Northlake Reg'l Med. Ctr.,* 160 F.3d at 1303 (contractual limitations periods on ERISA actions enforceable, if reasonable, regardless of state law); *Doe,* 112 F.3d at 875. We overrule point of error number two.

Because the trial court correctly found the Hands' claims were barred by the contractual limitations period, it did not err in denying the Hands' motion for summary judgment. Accordingly, we do not reach point of error number three.

### CONCLUSION

The contractual limitations period of twenty-seven months from the day the costs are incurred was reasonable. The Hands failed to file suit within the limitations period, and their claims are barred as a matter of law. Because the Hands failed to establish the limitations period was subject to equitable tolling, the Plan's failure to send a denial of the Hands' claims meeting ERISA's requirements did not affect the running of the limitations period. We affirm the trial court's judgment.

---

8. Section 16.070(a):

Except as provided by Subsection (b), a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years. A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.070(a) (Vernon 1997).