United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10163
Summary Calendar

JOSE LOPEZ-VENCES,

Plaintiff-Appellant,

versus

RALPH J. PAYNE, Warden; JOHN DOE,
Captain, FCI Big Springs, TX; JOHN DOE,
Lieutenant, FCI Big Springs, TX; T. D.
GILBREATH; A. B. MIRELES; T. STILLER;
D. DANIELS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-73
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Lopez-Vences, federal prisoner #54689-080, appeals the

*sua sponte* dismissal by the district court of his claims brought

pursuant to Bivens v. Six Unknown Named Agents,403 U.S. 388

(1971), as time-barred.  He does not challenge the district

court's finding that, to the extent his claims were brought under

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the Federal Tort Claims Act, they were time-barred.  Accordingly, this argument had been abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Lopez argues the district court erred in raising the limitations issue *sua sponte*; the limitations period for his claim regarding his administrative segregation claim did not begin to run until he was released from segregation on December 2, 1999; and, for various reasons, the limitations period should be equitably tolled.  We do not consider arguments raised for the first time in Lopez's reply brief which are not responsive to the appellee's brief.  See Cousin v. Trans Union Corp., 246 F.3d 359, 373 n.22 (5th Cir. 2001); Price v. Roark, 256 F.3d 364, 368 n.2 (5th Cir. 2001).

The district court may *sua sponte* raise the limitations defense in a suit filed *in forma pauperis* under 28 U.S.C. § 1915.  Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).  A district court's dismissal of an IFP suit based on limitations is reviewed for abuse of discretion.  Gartrell, 981 F.2d at 256.

There is no federal statute of limitations.  Gartrell, 981 F.2d at 256.  Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims.  Id.  In Texas, the appropriate statute of limitations is two years.  See Gartrell, 981 F.2d at 256; see also TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  As a corollary to this rule, state tolling provisions are also used in Bivens cases.

Gartrell, 981 F.2d at 257. Federal law, however, is used to determine when a cause of action accrues. Id. A civil rights cause of action accrues when the plaintiff knows or has reason to know of the injury that is at the heart of his action. Id.

Lopez's claim that Mireless used excessive force in shooting him was known to him on June 22, 1999, the day he was shot. His claim that he was placed in administrative segregation without due process was known to him when he was placed in segregation on June 25, 1999. Lopez executed his Bivens complaint on March 25, 2002, more than two years after his claims had accrued.

The limitations period for Lopez's administrative segregation claim did not begin to run when he was released from segregation. See Gartrell, 981 F.2d at 256-57. Moreover, the limitations period could not have been tolled while Lopez's request for a administrative remedy was pending as his request was submitted after the applicable statute of limitations expired. See id. at 256. Finally, equitable tolling of the limitations period is not warranted as Lopez did not diligently pursue his rights. See See Rotella v. Pederson, 144 F.3d 892, 894 (5th Cir. 1998); Holmes v. Texas A&M Univ., 145 F.3d 681, 684 (5th Cir. 1998); Hand v. Stevens Transport, Inc. Employee Benefit Plan, 83 S.W.3d 286, 293 (Tex. App. 2002).

Lopez's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR.

R. 42.2.  The dismissal of this appeal as frivolous counts as one "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Lopez that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.