Gary Reed Walp v. Connie Hunter
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00019-CV

     GARY REED WALP,
                                                                              Appellant
     v.

     CONNIE HUNTER,
                                                                              Appellee
 

From the 75th District Court
Liberty County, Texas
Trial Court # CV 64424
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Gary Reed Walp, a prisoner, filed suit against Connie Hunter, a prison grievance
investigator, for malpractice, negligence, and gross negligence. Hunter filed a motion to
dismiss under Chapter 14 of the Civil Practice and Remedies Code alleging that dismissal was
proper because: (1) Walp’s claims are frivolous; (2) Walp’s claims are not actionable because
of the federal habeas decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.
Ed. 2d 383 (1994); and (3) Walp’s suit is time-barred. The trial court granted the dismissal
motion without specifying the basis for its ruling.
      Walp contends in four points that the trial court abused its discretion because: (1) the suit
is not time-barred; (2) his claims are actionable despite Heck; (3) his claims are not frivolous;
and (4) a liberal construction of his petition would have led the trial court to conclude that it
states an actionable claim for negligence per se.
      Walp argues in his first point that the doctrine of equitable tolling should apply to excuse
him from the late filing of his lawsuit.
      Walp’s suit is based on the manner in which Hunter processed a grievance of Walp’s while
he was incarcerated in the Hightower Unit in Liberty County. He filed a grievance
complaining of Hunter’s conduct which was denied by prison officials. Walp received the final
denial of this grievance on July 16, 2002. Walp then attempted to file suit against Hunter in a
district court in Walker County, where he was then imprisoned. A Walker County district
judge notified Walp by letter dated August 12 that his suit should be filed in Liberty County
under section 15.019 of the Civil Practice and Remedies Code. Walp filed suit in Liberty
County on August 21, thirty-six days after he received written notice that his grievance was
denied.
      Section 14.005(b) of the Civil Practice and Remedies Code requires a trial court to dismiss
an inmate lawsuit which is subject to the prison grievance system “if the inmate fails to file the
claim before the 31st day after the date the inmate receives the written decision from the
grievance system.” Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002). We
review a dismissal pursuant to Chapter 14 of the Civil Practice and Remedies Code under an
abuse-of-discretion standard. Allen v. Tex. Dept. Crim. Just., 80 S.W.3d 681, 682 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied); Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.—Waco 1996, no writ).
      It is undisputed that Walp did not file this suit until thirty-six days after he received the
written decision on his grievance. Walp contends that the thirty-one day limit should be
equitably tolled because of his attempt to file the lawsuit in the wrong county.
      Courts apply the doctrine of equitable tolling “sparingly.” Hand v. Stevens Transp., Inc.
Employee Benefit Plan, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet) (quoting Irwin
v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435
(1990)). Factors to be considered in deciding whether this doctrine should be employed are:
(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the
filing requirement; (3) plaintiff’s diligence; (4) absence of prejudice to the defendant; and (5)
plaintiff’s reasonableness in remaining ignorant of the filing requirement. See id. (citing Jobe
v. INS, 238 F.3d 96, 100 (1st Cir. 1999)).
      There are really two filing requirements at issue here. The first is the 31-day limit
established by section 14.005(b). Walp was plainly aware of this requirement. The second is
the mandatory venue provision of section 15.019 of the Civil Practice and Remedies Code
which provides in pertinent part, “[a]n action that accrued while the plaintiff was housed in a
facility operated by or under contract with the Texas Department of Criminal Justice shall be
brought in the county in which the facility is located.” Tex. Civ. Prac. & Rem. Code Ann. §
15.019(a) (Vernon 2002).
      Walp contends that his suit did not “accrue” until he received notice that his grievance was
denied. Thus, he contends that Walker County is the county of proper venue. However, “a
cause of action accrues . . . when ‘the wrongful act effects an injury.’” Lubbock County v.
Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002) (quoting Computer Assocs.
Intl., Inc. v. Altai, Inc., 918 S.W.2d 453, 461 (Tex. 1996)). The fact that an inmate must first
pursue this claim through the prison system’s inmate grievance system does not alter the time
or location in which the “wrongful act” occurred. See id. (cause of action against county for
reimbursement accrued when alleged overpayment made to county, not after claim has been
rejected following presentment to commissioners court).
      Walp is presumed to know the law. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d
523, 525 n.3 (Tex. 1990); Dewhurst v. Gulf Marine Inst. of Tech., 55 S.W.3d 91, 97 (Tex.
App.—Corpus Christi 2001, pet. denied). Therefore, Walp is charged with constructive
knowledge of the mandatory venue requirement. See Bank One Tex., N.A. v. Ameritrust Tex.,
N.A., 858 S.W.2d 516, 521 (Tex. App.—Dallas 1993, writ denied). Walp’s status as a pro se
litigant does not change this. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85
(Tex. 1978); Goss v. Bobby D. Assocs., 94 S.W.3d 65, 69 (Tex. App.—Tyler 2002, no pet.);
Giddens v. Brooks, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied); Foster
v. Williams, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied).
      At least one court has determined that the filing of a lawsuit in a county of improper venue
does not support a request for equitable tolling. See Heart Hosp. IV, L.P. v. King, 116
S.W.3d 831, 836-37 (Tex. App.—Austin 2003, pet. filed).
      We also note that Walp could have been more diligent in filing his suit. He acknowledges
that he received notice from the Walker County district judge on August 13 that his suit should
be filed in Liberty County. However, he did not mail his petition to the Liberty County
district clerk until six days later. Walp had three days in which to revise his petition and send
it to Liberty County to meet the 31-day requirement. While his conduct does not amount to a
gross lack of diligence, his delay is a factor the court may have considered in declining to
equitably toll the 31-day requirement. See Hand, 83 S.W.3d at 293.
      In light of the foregoing, we cannot say that the trial court abused its discretion by denying
Walp’s request to toll the 31-day requirement of section 14.005(b). See Allen, 80 S.W.3d at
682; Hickson, 926 S.W.2d at 398. Accordingly, we overrule Walp’s first point.
      We need not address the remainder of Walp’s points. We affirm the judgment.
 
FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed
Opinion delivered and filed March 10, 2004
[CV06]