# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 15, 2012

Lyle W. Cayce
Clerk

No. 11-10678
Summary Calendar

BRENT W. MYERS,

Plaintiff-Appellant

v.

JOHN T. NASH, Dallas Policeman, Dallas Police Department; JOHN DOE, ambulance medic; NURSE JANE DOE, jail intake medic,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2537

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Brent W. Myers, Texas prisoner # 1513909, moves to proceed in forma pauperis (IFP) in his appeal of the dismissal of his pro se 42 U.S.C. § 1983 complaint. The district court determined that Myers's complaint was time barred and dismissed it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and 28 U.S.C. § 1915A(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10678

In Myers's § 1983 complaint he alleged that his civil rights were violated when, during his arrest on March 8, 2008, Defendant John T. Nash, the arresting officer, punched him in the eye. He alleged that the remaining defendants, identified as John Doe and Jane Doe, denied him proper medical treatment for the resulting injury. Although Myers does not challenge the district court's determination that he filed the instant complaint after the expiration of the limitations period, he argues that the complaint should relate back, pursuant to the provisions of Rule 15(c) of the Federal Rules of Civil Procedure, to the date that he filed his first § 1983 complaint that addressed the instant claims. He also argues that equitable tolling is warranted, as he filed his first complaint within the limitations period and, although his first complaint was dismissed because he had not identified the defendants with sufficient specificity to permit service of process, his incarceration presented obstacles to information gathering and timely filing.

By moving to proceed IFP, Myers challenges the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). If we determine that the appeal is frivolous, we may dismiss it sua sponte. *Id.* at 202 n.24. This court reviews the district court's dismissal in this case for abuse of discretion. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (§ 1915(e)(2)(B)(i)); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (§ 1915A).

Myers does not challenge the district court's determinations that the Texas two-year statute of limitations governs his complaint, that his cause of action accrued on March 8, 2008, and that he did not file the instant complaint until November 4, 2010, more than two years after his cause of action accrued. Also, Myers does not challenge the district court's finding that his first complaint regarding the March 8, 2008, was filed only five days prior to the expiration of the limitations period. He has therefore failed to preserve any argument that

2

he may have regarding these issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Myers's reliance on the relation-back principles of Rule 15(c) is misplaced. While Rule 15(c) provides scenarios where an amendment to a pleading may relate back to the date of the original pleading, the text of the rule does not suggest that the relation-back principle operates in this proceeding. *See* Rule 15(c). Moreover, Rule 15(c) does not apply when John Doe defendants are named after the statute of limitations has run. *See Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008).

Myers's remaining argument is that equitable tolling is warranted. The district court's tolling decision is reviewed for abuse of discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Texas's equitable tolling principles control this litigation. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Texas courts sparingly apply equitable tolling and look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine "to avoid the consequences of their own negligence." *Hand v. Stevens Transport, Inc.*, 83 S.W.3d 286, 293 (Tex. App. 2002). Federal courts also apply the doctrine sparingly. *See Wallace v. Kato,* 549 U.S. 384, 396 (5th Cir. 2007).

Myers's provides no explanation of the efforts that he made to secure the identification of the defendants within the two-year limitations period, or afterwards, from June 7, 2010, when his original complaint was dismissed, until he signed the instant complaint on November 4, 2010. Myers has failed to establish that he actively pursued his judicial remedies or otherwise acted diligently. Therefore, the district court correctly determined that equitable tolling is not warranted. *See Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App. 2005); *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999). Additionally, Myers's conclusional assertion that his incarceration is an impediment that warrants equitable tolling is not persuasive. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). As Myers has failed to identify a nonfrivolous issue for

appeal, he has failed to show that the district court erred in certifying that an appeal would not be taken in good faith.  His motion for leave to proceed IFP is therefore DENIED and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal as frivolous of his complaint and appeal in the instant proceeding each count as a strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Myers has accumulated at least one other § 1915(g) strike, as he has had at least one prior case dismissed with prejudice as frivolous and this court affirmed the district court's dismissal.  *See Myers v. Raspberry*, No. 6:96-cv-00108 (E.D. Tex. June 16, 1996); *Myers v. Raspberry*, No. 96-40967 (5th Cir. June 17, 1998).  As Myers has accumulated three § 1915(g) strikes, he is BARRED from proceeding IFP in any new civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).  Myers is also WARNED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.  He should review all pending matters to ensure that they are not frivolous.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.