# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50742

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2016

Lyle W. Cayce
Clerk

BENNY MONTGOMERY,

Plaintiff–Appellant,

versus

DYLAND HALE, Tactics Officers, Midland Police Department;
B.J. LAND, Lieutenant Supervisor, Midland Police Department;
CARLOS PIZANO, Police Officer, Midland Police Department;
DOMINGUEZ, Police Officer, Midland Police Department,

Defendants–Appellees.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:15-CV-106

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Benny Montgomery, Texas prisoner # 1589407, moves for leave to proceed *in forma pauperis* ("IFP") following the dismissal of his 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50742

§ 1983 complaint alleging that members of the Midland Police Department used excessive force in a 2008 arrest. The district court *sua sponte* dismissed the complaint under 28 U.S.C. §§ 1915(e) and 1915A based on a determination that it was not timely filed. *See, e.g.*, *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). We construe Montgomery's motion as a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We must determine "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Assuming, *arguendo*, that Montgomery was denied a fair opportunity to establish equitable tolling in the district court, we grant the motion for IFP, but we dispense with further briefing and affirm. Texas's equitable-tolling principles control. *See Rotella v. Pederson,* 144 F.3d 892, 897 (5th Cir. 1998).

Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights. *See Hand v. Stevens Transp., Inc. Emp. Benefit Plan*, 83 S.W. 3d 286, 293 (Tex. App.—Dallas 2002, no pet.). Montgomery does not cite any state precedent to show that Texas has applied equitable tolling in circumstances similar to those he alleges. Moreover, even if federal equitable-tolling principles are considered, "attorney negligence, however styled, does not provide a basis for equitable tolling." *Holland v. Florida*, 560 U.S. 645, (2010); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Montgomery's suggestion of intentional deception by his attorney is entirely conclusional and is thus insufficient to support a claim for equitable tolling. *See, e.g., United States v. Riggs*, 314 F. 3d 796, 799 (5th Cir. 2003). Furthermore, Montgomery has not shown a diligent pursuit of his rights. *See Hand*, 83 S.W. 3d at 293.

No. 15-50742

The dismissal of the complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Montgomery is advised that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

The motion to proceed IFP is GRANTED. The judgment is AFFIRMED.