# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10314

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2020

Lyle W. Cayce
Clerk

RHEASHAD LAMAR LOTT,

Plaintiff-Appellant

v.

E. OSEGUERA; JOHN BRIMMER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-126

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Rheashad Lamar Lott, Texas prisoner # 1596571, moves for leave to proceed in forma pauperis (IFP) following the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that Grand Prairie Police Department detectives falsely arrested him without a valid warrant and without probable cause. The district court sua sponte dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) based on a determination that it was not timely filed. We construe Lott's motion as a challenge to the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Lott does not challenge the applicability of a two-year limitations period; nor does he deny that the alleged false arrest occurred in May 2008 and that his § 1983 complaint was filed in January 2019. Instead, he maintains that he is entitled to equitable tolling of the limitations period because he did not know of the existence of the cause of action until his attorney produced the State's file in November 2017. Lott, however, has failed to establish that he actively pursued his judicial remedies or otherwise acted diligently. *See Wallace v. Kato*, 549 U.S. 384, 394-96 (2007); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Hand v. Stevens Transp., Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App. 2002). The district court therefore did not err or abuse its discretion in dismissing Lott's complaint as frivolous because it is time barred.

This appeal lacks arguable legal merit and is, therefore, frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Lott's motion to proceed IFP is DENIED, and we DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint and this court's dismissal of his appeal as frivolous count as two strikes under § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). A prior § 1983 action filed by Lott was dismissed as frivolous and for failure to state a claim pursuant to § 1915(e). *See Lott v. Director, TDCJ-CID*, No. 1:17-cv-528 (E.D. Tex. Sept. 13, 2018). That dismissal also counts as a strike under § 1915(g). *See Adepegba*, 103 F.3d at 387-88. Because he now has three strikes, Lott is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger

of serious physical injury.  *See* § 1915(g); *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).