# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2023

Lyle W. Cayce
Clerk

No. 23-40311
Summary Calendar

Robert Lee Hicks,

*Plaintiff—Appellant*,

*versus*

Lieutenant Ivy; Sergeant Loudini; Sergeant Rodriguez; Sergeant Sikes; Doctor Haney; 3 to 4 Officers,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:23-CV-47

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Robert Lee Hicks, a Texas inmate proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). We review

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40311

that dismissal for an abuse of discretion. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

Hicks first contends that the magistrate judge lacked jurisdiction to dismiss his complaint because he did not consent to proceed before a magistrate judge. He also faults the district court for failing to address tha jurisdictional claim. But, Hicks is mistaken. The case was referred to the magistrate judge by the district court for a report containing factual findings, legal conclusions, and a recommendation for a dispositive ruling, pursuant to § 636(b) and the local standing rules. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1). Hicks was then given the opportunity to object to the magistrate judge's findings and conclusions prior to the district court's entry of a dispositive order. *See* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Hick's consent to such reference was not required, *compare* § 636(c). Also, his contention to the contrary is meritless.

Hicks next challenges the district court's dismissal of his lawsuit as frivolous because of the untimely filing of the complaint. Hicks contends that his lawsuit was in fact timely filed. This contention is also unavailing. As the district court found, with the benefit of tolling while Hicks pursued his administrative remedies, the statute of limitations did not begin to run until February 3, 2021, and it expired two years later, on February 3, 2023. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005); *Rodriguez v. Holmes*, 963 F.2d 799, 805 (5th Cir. 1992). Even accepting as true Hicks's assertion that he placed his complaint in the prison mail system for filing on February 22, 2023, the complaint was untimely filed.

For the first time on appeal, Hicks asserts that equitable tolling applies to save his suit. Assuming arguendo that this court should consider the newly raised claim, *cf. Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341-42 (5th

Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), Hicks has not shown that he is entitled to equitable tolling.

According to Hicks, the prison law library does not contain a copy of the Texas Department of Criminal Justice Grievance Operations Manual, thereby preventing him from learning the rules related to filing and pursuing a grievance. However, the record shows that the absence of the grievance operations manual did not affect Hick's ability to file or pursue his grievances. Following the denial of his step-two grievance, Hicks failed to take any additional action to pursue his claims before the limitations period expired. He fails to explain his lack of action and, more specifically, fails to explain how the absence of the grievance operations manual prevented him from filing his § 1983 lawsuit within the two-year limitations period following the denial of his step-two grievance. *See Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002); *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 843 (Tex. App. 2003). His own negligence in failing to pursue his rights does not warrant equitable tolling. *See Hand v. Stevens Transp., Inc. Empl. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App. 2002). Neither does Hicks contend that he was actively misled or prevented in some extraordinary way from filing his lawsuit. Thus, he has failed to demonstrate that equitable tolling applies. *See Ramirez*, 312 F.3d at 183; *see also Hand*, 83 S.W.3d at 293.

The district court's judgment is therefore affirmed, and its dismissal of Hicks's complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds, Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Hicks also has at least one prior strike. *See Hicks v. Pinney*, No. 6:21-CV-00171-ADA (dismissed as frivolous May 24, 2021). He is therefore warned that, if he accumulates three strikes, he may not thereafter proceed IFP in any civil action or appeal filed while he is incarcerated or detained in

No. 23-40311

any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).